Tod L. Gamlen, State Bar No. 83458
  Tod.Gamlen@bakermckenzie.com
Christina Wong, State Bar No. 288171
  Christina.Wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Petitioner
SABAWOON SALIM CONSTRUCTION CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SABAWOON SALIM CONSTRUCTION CO., <br><br> Petitioner, <br><br> v. <br><br> ECC INTERNATIONAL, LLC and ECC-CENTCOM CONSTRUCTORS, LLC, <br><br> Respondents. | **Case No. 3:15-cv-04362-EMC** <br><br> **DECLARATION OF NAEEM MOHAMMAD KARIMI IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT BASED THEREON** <br><br> Date:   November 19, 2015 <br> Time:   1:30 PM <br> Crtrm:  5, 17th Floor <br> Judge:  Hon. Edward M. Chen |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 3:15-cv-04362-EMC
DECLARATION OF NAEEM MOHAMMAD KARIMI IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT BASED THEREON

## DECLARATION OF NAEEM MOHAMMAD KARIMI

I, Naeem Mohammad Karimi, declare that the facts stated herein are true, correct and within my own personal knowledge; and, if called as a witness and sworn I could testify to such facts..

1.  I am the President of Sabawoon Salim Construction Co. ("SSCC"), and, except as specifically noted below, have personal knowledge of the matters set forth herein.

2.  I have read the Petition To Confirm Arbitration Award And For Entry Of Judgment Based Thereon filed by SSCC (the "Petition"), and am familiar with the Exhibits attached thereto.

3.  SSCC is a corporation duly organized and existing under the laws of the nation of Afghanistan, with its principal place of business in the City of Kabul, Afghanistan.

4.  ECCI International, LLC ("ECCI") and ECC-CENTCOM Constructors, LLC ("ECC-C") both maintain offices in Virginia Beach, Virginia.

5.  ECCI also maintains offices at 1240 Bayshore Highway, Burlingame, CA.

6.  On March 17, 2013, SSCC and ECCI entered into Agreement #SSCC.Subk.4620.DM1, a contract in writing pursuant to which SSCC was to demolish certain buildings and build two officer barracks. A copy of this contract is attached to the Petition as Exhibit 1.

7.  On March 20, 2013, SSCC and ECC-C entered into Agreement #SSCC.Subk.4620.004, a contract in writing pursuant to which SSCC was to construct a Warehouse in Kabul District, Afghanistan. A copy of this contract is attached to the Petition as Exhibit 2.

8.  On March 17, 2013, SSCC and ECCI entered into Agreement

#SSCC.Subk.5901.000, a contract in writing pursuant to which SSCC was to provide all material, labor, facilities, and equipment necessary to complete three barracks buildings plus a kennel facility at the SOF JOC, in Mazar-e-Sharif, Afghanistan. A copy of this contract is attached to the Petition as Exhibit 3.

9. On March 20, 2013, SSCC and ECCI entered into Agreement #SSCC.Subk.5950.009, a contract in writing pursuant to which SSCC was to construct eight guard towers and a stone perimeter fence in Samangan District, Afghanistan.

10. The aforementioned contracts all contained the same alternative dispute resolution ("ADR") provision. (See Section 12 in Exhibits 1, 2, and 3.)

11. The ADR provision required the parties to engage in bilateral negotiations regarding their disputes, then formal mediation if those negotiations failed, and finally arbitration if the parties were unable to resolve their dispute through mediation.

12. The ADR provision calls for the arbitration to be conducted pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA"), unless the parties agreed otherwise. Due to the very substantial fees charged by the AAA, SSCC, ECCI, and ECC-C agreed to use the services of JAMS instead of the AAA as their provider of arbitration services.

13. ECCI and ECC-C failed to pay SSCC over Four Million dollars due under the four contracts referenced above, and by doing so breached those contracts.

14. Bilateral negotiations and mediation failed to resolve the non-payment dispute; hence, the parties submitted their disputes to arbitration by Jams arbitrator, Judge William J. Cahill (Ret.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  21. SeP. 2015

Naeem Mohammad Karimi

3